**Michael A. HALEY, Plaintiff,**

v.

**Michael J. ASTRUE, et al., Defendants.**

**Civil Action No. 08–1724 (JDB).**

United States District Court,
District of Columbia.

Nov. 5, 2009.

Michael A. Haley, Virginia Beach, VA, pro se.

Jennifer M. Olkiewicz, U.S. Attorney's Office for the District of Columbia, Washington, DC, for Defendants.

### MEMORANDUM OPINION

JOHN D. BATES, District Judge.

Plaintiff Michael Haley brings this employment discrimination action against the Social Security Administration ("Administration"), Michael Astrue in his official capacity as Commissioner, and three human resource staff members, also in their official capacities. Before the Court is defendants' motion to dismiss or, in the alternative, to transfer venue. Upon consideration of defendants' motion, the parties' memoranda, and the entire record herein, and for the reasons set forth below, the Court grants defendants' motion and transfers this action to the Eastern District of Virginia.[1]

### BACKGROUND

In late 2003, Michael Haley, a disabled individual, sent a generic job application packet to the Administration in Baltimore, Maryland, so he would be considered for open positions that matched his qualifications. Compl. ¶ 2. The Administration forwarded this application to its human resources division in Philadelphia. Compl.

---

1. Defendants ask the Court to dismiss all individual defendants from the case because the "amended complaint only names the Social Security Administration as Defendant[ ]" and because plaintiff had agreed to do so when responding to defendants' first motion to dismiss, which the Court denied as moot. *See* Mem. of P. & A. in Supp. of Defs.' Mot. ("Defs. Mem.") [Docket Entry 14, 15], at n. 1. Because venue is improper, this Court will not resolve the issue.

¶ 3. In November 2004, an Administration employee in Philadelphia invited Haley to apply for a vacant claims representative position located in Alexandria, Virginia. Compl. ¶ 4; *see also* Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. [Docket Entry 22], Exhibit 1 (Declaration of Judy Jackson–Grier[2] ("Jackson–Grier Decl.")), at ¶¶ 2a, 2b. To support his application for this position, and at the request of the Administration, Haley completed Office of Personnel Management ("OPM") Form C, and forwarded it to the Administration's human resources division in Philadelphia. *See* Compl. ¶ 5; Jackson–Grier Decl. at ¶ 2b. He was not hired for the position. Compl. ¶ 6.

Because of this non-selection, Haley participated in an Equal Employment Opportunity intake in Norfolk, Virginia, where he alleged that defendants discriminated against him on the basis of his disability in the "completion, processing, and evaluation" of his employment application.[3] Compl. ¶ 8. As a result of this intake, Haley had a hearing before an administrative law judge in Philadelphia regarding his claim. Compl. ¶ 10. The judge rejected his claim. Compl. ¶ 10. An appeal to the Office of Federal Operations in Washington, D.C., fared no better. Compl. ¶ 10.

Haley filed suit in this Court on October 10, 2008, alleging two counts of discrimination: "disability discrimination by completion of the OPM Form C" and "non-selection—administrative procedure/protocol/malice/neglect." Compl. at

2. Defendants moved to dismiss or, in the alternative, to transfer venue. Before the Court ruled on the motion, Haley filed an amended complaint. It "retract[ed] the charge of employment discrimination based on disability" but sought to maintain the "non-selection" claim. Am. Compl. at 1. Defendants filed a second motion to dismiss or, in the alternative, to transfer venue, and the Court dismissed the first such motion as moot.

## STANDARD OF REVIEW

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Pendleton v. Mukasey*, 552 F.Supp.2d 14, 17 (D.D.C.2008) (citing *Darby v. U.S. Dep't of Energy*, 231 F.Supp.2d 274, 276–77 (D.D.C.2002)). The court need not accept the plaintiff's legal conclusions as true, however, *Darby*, 231 F.Supp.2d at 277, and may consider material outside of the pleadings, *Artis v. Greenspan*, 223 F.Supp.2d 149, 152 (D.D.C.2002) (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947)).[4]

## ANALYSIS

### I. Propriety of Venue in the District of Columbia

■ Title VII has its own venue-selecting provision, which "limit[s] venue to the

---

2. Ms. Jackson–Grier is a human resource specialist in Philadelphia with knowledge of the Administration's "hiring practices and procedures." Jackson–Grier Decl. at ¶ 1.

3. Haley's theory appeared to be that defendants discriminated against him by requiring him to complete Form C even though the Administration "had ample documentation supporting [his] application" for employment. *See* Compl. at 2.

4. The D.C. Circuit has not determined which party bears the burden of establishing proper venue, and federal courts are split on this issue. *See* 5B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1352 (3d ed.1998). Nevertheless, the question is immaterial because venue in the District of Columbia is clearly improper under 42 U.S.C. § 2000e–5(f)(3).

judicial district concerned with the alleged discrimination." *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C.Cir.1969). Venue under Title VII is proper in up to four different jurisdictions:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). Defendants contend that the District of Columbia is an improper venue under any of Title VII's four venue categories. Defs.' Mem. at 6–7. Rather, in defendants' view, Haley's allegations properly point to venue in either the Eastern District of Pennsylvania or the Eastern District of Virginia. *Id.* Haley does not challenge defendant's arguments.[5] Even so, the Court must consider whether the District of Columbia is a proper venue under Title VII's venue-selecting rule.

**Where the alleged unlawful employment practice was committed:** Haley, a resident of Virginia, alleges that his employment application was filed with the Administration in Baltimore, Maryland. *See* Compl. ¶ 2. The application was then forwarded to the Administration in Philadelphia, Pennsylvania, where it was pro-

cessed. *See* Compl. ¶ 3–5; Jackson–Grier Decl. at ¶ 2d. According to Ms. Jackson–Grier, the Administration's Philadelphia office then sent Haley an application to apply for a specific position located in Alexandria, Virginia. *See* Jackson–Grier Decl. at ¶¶ 2a, 2d. The selecting official for this position was also located in Alexandria, Virginia. *Id.* Further, the notice informing Haley he had not been selected for the position was mailed from Philadelphia. *Id.* at ¶ 2c. Nowhere does Haley contend that the alleged unlawful employment practice, or any aspect of it, occurred in the District of Columbia. Hence, venue in this Court is improper under Title VII's first venue-selecting category.

**Where the employment records are maintained:** Defendants state that these records are housed in Philadelphia. *See id.* at ¶ 3; *id.* at ¶ 4 ("[N]o [a]gency documents relevant to Plaintiff's 2004 application for employment ... are located in the District of Columbia."). Haley does not dispute this. Hence venue in the District of Columbia is improper under Title VII's second venue-selecting category.

**Where the plaintiff would have worked:** Defendants assert that Haley "applied for a Claims Representative position in Alexandria, Virginia ... only." Jackson–Grier Decl. at ¶ 2b. Haley does not dispute this. Hence venue in the District of Columbia is improper under this category as well.

**Judicial district in which the respondent has his principal office:** The Court may only consider venue in the location of the defendants' principal office "if the re-

---

**5.** Instead, he asserts only that "the defendants already in receipt of the investigative file ... mail its contents to the attorneys [sic]" to avoid a change in venue. Pl.'s Response to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") [Docket Entry 21], at 3. Properly construed, Haley contends that even if the District of Columbia

is an improper venue, the defendants can have the records for this case sent from Philadelphia. Title VII, however, does not permit the Court to factor such a consideration into the venue analysis. *See* 42 U.S.C. § 2000e–5(f)(3).

spondent is not found within [a district in the first three categories]." *See* 42 U.S.C. § 2000e–5(f)(3); *see also James v. Booz–Allen,* 227 F.Supp.2d 16, 20 (D.D.C.2002). As the Court's analysis reveals, and defendants admit, *see* Defs.' Mem. at 6–7, the Eastern District of Pennsylvania and the Eastern District of Virginia are proper venues for this action.

\*      \*      \*      \*      \*      \*

Venue in this Court is improper under Title VII's venue-selecting rule. Nothing in the record suggests that the District of Columbia is the site any of the activities relevant to Haley's claim. Indeed, the sole mention of the District of Columbia in the complaint is the site of Haley's Equal Employment Opportunity appeal. *See* Compl. ¶ 10. But this fact is not part of Title VII's venue inquiry. *See* 42 U.S.C. § 2000e–5(f)(3). And Haley does not contend otherwise.[6]

## II. Transfer or Dismissal of Plaintiff's Claim

 If the district in which the action is brought is improper, the district court may either dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Sharp Elecs. Corp. v. Hayman Cash Register Co.,* 655 F.2d 1228, 1230 (D.C.Cir. 1981); *James,* 227 F.Supp.2d at 24–25. The transferee court must have both personal jurisdiction and venue. *See Capital Bank Int'l Ltd. v. Citigroup, Inc.,* 276 F.Supp.2d 72, 78 (D.D.C.2003) (citing *Sharp Elecs.,* 655 F.2d at 1230); 14D Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 3827 (3d ed.1998). The decision whether dismissal or transfer is "in the interest of justice" is

committed to the sound discretion of the district court. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983). But the interest of justice generally requires transferring such cases to the appropriate judicial district in lieu of dismissing them. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). The Court therefore concludes that transfer is appropriate.

A Court may transfer a case to any jurisdiction which has personal jurisdiction over the defendants and in which venue is proper. *See* 28 U.S.C. § 1406(a); *Capital Bank Int'l,* 276 F.Supp.2d at 78. Here, defendants concede that at least two jurisdictions are appropriate venues for this case: the Eastern District of Pennsylvania and the Eastern District of Virginia. *See* Defs.' Reply at 6. Both of these jurisdictions satisfy Title VII's venue-selecting rule. Haley, proceeding *pro se,* has used Legal Aid attorneys in the D.C. metropolitan region to assist with his claim. *See* Pl.'s Opp'n at 3. Hence, the Court concludes that transferring this action to the Eastern District of Virginia is appropriate, as it permits Haley to continue seeking such assistance.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to transfer this action to the Eastern District of Virginia. A separate order accompanies this opinion.

---

6. Because the Court concludes that venue was improper in this district, it does not reach the merits of defendants' motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6).